649 A.2d 478

**STATE BOARD OF DENTISTRY, Appellant,**

v.

**Harold WELTMAN, D.D.S.**

Commonwealth Court of Pennsylvania.

Argued Sept. 22, 1994.

Decided Oct. 28, 1994.

Judith Pachter Schulder, for appellant.

Joan P. Moses, for respondent.

Before COLINS, President Judge, and FRIEDMAN, and KELTON, Senior Judge.

COLINS, President Judge.

The State Board of Dentistry (Board) appeals from the April 19, 1994 order of the Court of Common Pleas of Luzerne County denying the Board's motion to transfer an action commenced in that court seeking to enjoin the Board from suspending a license to practice dentistry in the Commonwealth.

On April 1, 1994, the Board issued an automatic suspension of Harold Weltman's (Weltman) license to practice dentistry in

the Commonwealth under Section 5.1 of The Dental Law,[1] after receiving notice of Weltman's conviction under The Controlled Substance, Drug, Device and Cosmetic Act[2] (Drug Act). On April 12, 1994, Weltman filed a complaint in equity and an application for preliminary injunction against the Board in the Court of Common Pleas of Luzerne County. On April 14, 1994, the Board filed a motion to transfer the matter on the grounds that an equity action seeking relief from an order of a state administrative agency is within the exclusive jurisdiction of the Commonwealth Court. Common Pleas denied the Board's motion and stayed the proceedings pending disposition by Commonwealth Court on appeal. On June 1, 1994, we granted the Board's petition for permission to appeal.

Section 761 of the Judicial Code[3] gives the Commonwealth Court exclusive, original jurisdiction over all "civil actions" or proceedings against the "Commonwealth government" with five enumerated exceptions.[4] Section 102 of the Judicial Code[5] defines "Commonwealth government" to include "the departments, boards, commissions, authorities and officers and agencies of the Commonwealth."

The Board of Dentistry falls within the Judicial Code's definition of Commonwealth government. The Board is an administrative agency of the Department of State created by the General Assembly with statewide authority to regulate the education and licensing of the dental professions and other related matters. As such, Weltman's equity action is an action

1. Act of May 1, 1933, P.L. 216, *as amended,* added by the Act of May 2, 1985, P.L. 18, 63 P.S. § 124.1.

2. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101— 780–144.

3. 42 Pa.C.S. § 761.

4. The exceptions are (1) actions in the nature of habeas corpus or post conviction relief not ancillary to proceedings within this Court's appellate jurisdiction; (2) eminent domain proceedings; (3) actions conducted pursuant to Chapter 85; (4) actions conducted pursuant to the Board of Claims Act; and (5) actions in the nature of trespass as to which the Commonwealth formerly enjoyed sovereign or other immunity and actions in the nature of assumpsit relating to such actions in the name of trespass.

5. 42 Pa.C.S. § 102.

against the Commonwealth government for the purposes of determining this Court's original jurisdiction.

Weltman does not dispute that the Board is acting as the Commonwealth government, but rather disputes that his action falls within the Judicial Code's definition of civil action. Weltman asserts that an action in equity is not a civil action for the purposes of Section 761 because equity actions are not specifically mentioned. To support his contention, Weltman cites Section 761(c), Ancillary matters, which specifically refers to cases in mandamus and prohibition.

Words and phrases in statutes are to be given their plain meaning according to their common and approved usage; general words are "construed to take their meanings and be restricted by preceding particular words." 1 Pa.C.S. § 1903. Section 102 of the Judicial Code defines action as any action at law or equity. The accepted meaning of "civil," which precedes and restricts the meaning of "action," means "relating to private rights and remedies sought by civil actions as contrasted with criminal proceedings." Black's Law Dictionary 222 (5th ed. 1979).[6] The terms individually and together include actions in equity and distinguish criminal proceedings. Weltman does not deprive this Court of jurisdiction by bringing an action in equity against the Board rather than appealing the Board's suspension of his license.

The Court of Common Pleas of Luzerne County lacks jurisdiction to entertain Weltman's complaint in equity and application for preliminary injunction. Accordingly, its order denying the Board's motion to transfer is hereby vacated, the stay dissolved, and the matter transferred to this Court.

FRIEDMAN, J., concurs in the result only.

## ORDER

AND NOW, this 28th day of October, 1994, the orders of Luzerne County Court of Common Pleas, No. 42–E of 1994,

6. Black's Law Dictionary defines "civil action" as "one brought to enforce, redress, or protect private rights. In general, all types of actions other than criminal proceedings." Black's Law Dictionary 222 (5th ed. 1979).

dated April 19, 1994 and entered on April 19 and 20, 1994 are hereby vacated. Common Pleas is directed to transfer the matter to Commonwealth Court pursuant to Pa.R.A.P. 751.