Irvin EAST, Deceased c/o Sarah Sanders, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (USX CORPORATION/CLAIRTON), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 2001.

Decided Nov. 15, 2001.

Daniel K. Bricmont, Pittsburgh, for petitioner.

Marie Jurbala Shiring, Pittsburgh, for respondent.

Before McGINLEY, Judge, SMITH, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Sarah Sanders (Claimant), on behalf of Bradley Irvin East (Bradley), who is the alleged son of Irvin East (Decedent), petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed the decision of a Workers' Compensation Judge (WCJ) finding that the Minority Tolling Statute, 42 Pa.C.S. § 5533(b), did not toll the statute of limitations on Claimant's claim for benefits under the Workers' Compensation Act (Act).[1] This is a case of first impression, as there is no case or statute that determines whether a workers' compensation proceeding is a "civil action" or whether the Minority Tolling Statute is applicable in workers' compensation proceedings. We reverse and remand.

Decedent died on April 23, 1985 as the result of a work-related accident. Pursuant to an Agreement for Compensation for Death, Joan Green, who was Decedent's wife, began receiving compensation benefits for the work-related death of Decedent until her death on September 12, 1993. Decedent and Joan had a son, Irvin K. East, who also received benefits until he turned eighteen years old on April 28, 1989. Thereafter, Claimant filed a Review Petition on April 20, 1998 stating that "[t]he Decedent's spouse, Joan East, died in 1993. Claimant requests that benefits being paid pursuant to Agreement for Compensation for Death be paid to Decedent's son, Bradley Irvin East." Bradley's birth certificate indicates that he was born on February 6, 1983 and lists his father as "Irvin East." (Claimant's Exhibit No. 1). Thus, Bradley was under eighteen at the

time the Review Petition was filed. USX Corporation/Clairton Plant (Employer) filed an Answer denying that Decedent has any dependent children who are entitled to compensation benefits and asserting that Claimant's claim for benefits is barred by the statute of limitations.

Both parties requested that the WCJ decide whether Claimant's Review Petition was barred by the statute of limitations or whether Claimant's action was tolled by the Minority Tolling Statute before holding further hearings. On October 6, 1999, the WCJ issued a decision and order finding that the Minority Tolling Statute does not apply to workers' compensation proceedings. Accordingly, the WCJ denied Claimant's Review Petition. Claimant appealed to the Board, which affirmed the decision of the WCJ. The Board reasoned that the Minority Tolling Statute only applies to civil actions and, because workers' compensation proceedings are administrative actions rather than civil actions, Claimant's claim for benefits was not tolled as a result of his minority. This appeal followed.[2]

Both parties agree that that the Review Petition was filed beyond the three-year statute of limitations set forth in Section 315 of the Act, which provides, in pertinent part:

> In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, within three years after the death, one of the parties shall have filed a petition as provided in article four hereof.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2606.

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition. . . .

77 P.S. § 602.

█ "This Court has long recognized that Section 315 of the Act is a statute of repose. Unlike a statute of limitations which merely extinguishes a specific remedy or a cause of action, Section 315 cancels all potential rights under the Act, unless within three years from the date of the injury, both parties reach an agreement on compensation payable, or one of the parties files a petition as provided for by the Act." *Kocis v. Workers' Compensation Appeal Board (Dept. of Labor and Industry)*, 733 A.2d 699, 701 (Pa.Cmwlth.1999).

However, the parties disagree as to: 1) whether the Minority Tolling Statute tolls the statute of limitations set forth in Section 315 of the Act; and 2) whether Decedent is the father of Bradley.

The Minority Tolling Statute, which was amended on May 30, 1984 by adding section (b), is located in the Judicial Code and provides that:

(b) Infancy.—If an individual entitled to bring a **civil action** is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

42 Pa.C.S. § 5533(b) (emphasis added).

Employer argues that workers' compensation proceedings are "administrative ac-tions" to which the Minority Tolling Statute does not apply rather than civil actions because this Court has stated that a party's "reliance upon the Rules of Civil Procedure is misplaced . . . . since those rules are not applicable to workmen's compensation cases before the referee or the Board." *Ace Tire Company v. Workmen's Compensation Appeal Board (Hand)*, 101 Pa.Cmwlth. 186, 515 A.2d 1020, 1023 (1986). Employer also cites Section 303(a) of the Act, which is the exclusivity provision, in support of its argument that workers' compensation cases are different from civil actions. Section 303(a) provides, in relevant part, that:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2)or occupational disease as defined in section 108.

77 P.S. § 481. The Superior court has noted that "[t]he [Workers'] Compensation Act covers all injuries and the exclusivity clause in 77 Pa.C.S. [sic] § 481 bars all civil actions flowing from work related injuries." *Rosipal v. Montgomery Ward*, 360 Pa.Super. 570, 521 A.2d 49, 50 (1987). Additionally, with regard to the exclusivity provision, this Court has stated that "[t]he Act enables an employer to minimize tort liability for work-related injuries, i.e. employers surrender their defenses to civil actions and, in exchange, employees forego any actions in tort." *Callaghan v. Workers' Compensation Appeal Board (City of Philadelphia)*, 750 A.2d 408, 412 (Pa. Cmwlth.2000). Therefore, because employers are immune from civil liability,

such as tort claims, for injuries caused to their employees in work-related accidents, Employer argues that workers' compensation proceedings are not civil actions. *See Wetzel v. City of Altoona,* 152 Pa.Cmwlth. 309, 618 A.2d 1219, 1221 (1992).[3]

Employer also cites Section 1921(b) of the Rules of Construction, which states that:

(b) When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(b).

Claimant argues that workers' compensation claims, although removed from the courts initially by the Act, remain a form of a civil action because the Act provides the sole remedy for claimants. Claimant also argues that, because she was required to bring this action in an administrative forum rather than a civil forum, it would be unfair not to apply the Minority Tolling Statute to this case. Additionally, Claimant cites Black's Law Dictionary in support of her argument, which states that a civil action is:

**civil action.** An action brought to enforce, redress, or protect a private or civil right; **a noncriminal litigation.**

Thus, Claimant argues that, because this is a non-criminal matter, it is a civil action to which the Minority Tolling Statute applies.[4]

Although there is no case which directly addresses the issue in the case *sub judice,* the case of *State Board of Dentistry v.*

*Weltman,* 168 Pa.Cmwlth. 197, 649 A.2d 478, (1994) is instructive. In *Weltman,* a dentist filed an action in equity in a Court of Common Pleas seeking to enjoin the Board from suspending his license. The Board of Dentistry filed a motion to transfer the matter, arguing that an action in equity seeking relief from an order of a state administrative agency is within the exclusive jurisdiction of the Commonwealth Court, as Section 761 of the Judicial Code gives this Court exclusive jurisdiction over all "civil actions" or proceedings against the "Commonwealth Government." This Court agreed with the Board of Dentistry and, in holding that this Court did have exclusive jurisdiction over the matter, stated that:

Section 102 of the Judicial Code defines action as any action at law or equity. The accepted meaning of "civil," which precedes and restricts the meaning of "action," means "relating to private rights and remedies sought by civil actions as contrasted with criminal proceedings." Black's Law Dictionary 222 (5th ed.1979). The terms individually and together include actions in equity and **distinguish criminal proceedings.**

*Id.* at 479 (emphasis added).

First, as to Employer's argument that workers' compensation proceedings are not "civil actions" because the Rules of Civil Procedure do not apply to workers' compensation matters, the Rules of Civil Procedure do not define what a civil action is, but merely establish a procedure for

---

**3.** Employer also points out that, after the Minority Tolling Statute was amended, David Torrey and Andrew Greenberg stated that:
The limitations of action apparently still apply to minors notwithstanding the recent amendments to the Judicial Code. This provision makes reference only to *civil* actions. [footnote cites 42 Pa.C.S. 5533(b) ].
David B. Torrey and Allen E. Greenberg, *Pennsylvania Workers' Compensation: Law*

*and Practice,* Vol. 2, § 12:67 Tolling Because of "Disabilities", pp. 12–54—12–55 (emphasis in original).

**4.** Employer's counsel admitted at argument that she was unable to find a different definition of "civil action" and this Court has been equally unsuccessful.

"civil" actions, i.e. actions which are non-criminal, when the procedure is not otherwise set forth elsewhere. The fact that workers' compensation proceedings have their own unique rules of procedure does not remove them from the definition of a "civil action" as that term is used in the Minority Tolling Statute. Therefore, we reject Employer's argument. Additionally, the fact that parties in workers' compensation proceedings are restricted to those remedies provided for under the Act and are not permitted to proceed in tort is of no consequence. This restriction does not make workers' compensation proceedings any less a civil, or non-criminal, action.

Second, Employer correctly states that this Court cannot extend the Minority Tolling Statute to actions beyond those contemplated by the Legislature because the words of the Minority Tolling Statute are "clear and free from ambiguity." However, the intent of the Minority Tolling Statute was obviously to benefits minors in all civil actions. Because the Legislature did not restrict the definition of "civil action", this Court must assume that the Legislature intended the Minority Tolling Statute to benefit all minors in non-criminal actions, including workers' compensation proceedings.

■ Accordingly, this Court concludes that although workers' compensation proceedings are administrative, they are still non-criminal actions and, therefore, fall under the broad definition of a "civil action" in the Minority Tolling Statute. The Minority Tolling Statute's specific reference to civil actions includes all non-criminal actions including workers' compensation proceedings. Therefore, the statute of limitations set forth in Section 315 of the Act is affected by the Minority Tolling Statute so that Bradley, for whom a claim was filed thirteen years after the

work-related death of Decedent, will be entitled to benefits if Decedent is in fact his father because Bradley was only fifteen years of age at the time his claim was filed.

Accordingly, the order of the Board determining that the Minority Tolling Statute does not apply to workers' compensation proceedings is reversed and this case is remanded to the Board for further remand to the WCJ for a determination as to whether Bradley is Decedent's son and therefore entitled to benefits under the Act.

### *ORDER*

AND NOW, November 15, 2001, the order of the Workers' Compensation Appeal Board docketed at A99–3264 and dated February 28, 2001 is hereby REVERSED and this case is REMANDED to the Board for further remand to the WCJ for the reasons set forth in the foregoing opinion.

Jurisdiction relinquished.