**Edward J. BARR, Appellant,**

v.

**PENNSYLVANIA DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS.**

Commonwealth Court of Pennsylvania.

Submitted May 25, 2001.
Decided July 9, 2002.

405 (1999); *Leechburg Area School District v.* Dale, 492 Pa. 515, 424 A.2d 1309 (1981).

Edward J. Barr, appellant, pro se.

Maryanne M. Lewis, Harrisburg, for appellee.

Before DOYLE, Senior Judge,[1] SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge DOYLE.

Appellant, Edward J. Barr, appeals from an order of the Court of Common Pleas of Monroe County that sustained the preliminary objections of the Pennsylvania Department of State, Bureau of Professional and Occupational Affairs (Bureau), and granted the Bureau's "motion to strike" Appellant's complaint in mandamus for lack of jurisdiction. Barr filed his complaint in mandamus with the Monroe County Common Pleas Court against the Bureau to compel the Bureau to reissue his real estate broker's license for the years 2000 to 2002 and sought punitive and compensatory damages, interests and costs.

---

1. This case was assigned prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

■ Mandamus is an extraordinary remedy designed to compel the performance of a mandatory duty or ministerial act only where there is (1) a clear legal right in the plaintiff, (2) a corresponding duty in the defendant, and (3) no other appropriate or adequate remedy. *Merritt v. West Mifflin Area School District,* 56 Pa.Cmwlth. 126, 424 A.2d 572 (1981).

In his complaint, Barr alleged that, on May 30, 2000, he sent a certified letter to the Bureau requesting the status of his real estate broker's license.[2] He further alleged that, on June 1, 2000, he had to close his business in order to comply with the Real Estate Licensing and Registration Act (Act),[3] which precludes a broker from conducting business without a valid license.[4] On June 2, 2000, the Bureau acknowledged receipt of Barr's certified letter. Barr further asserted in his complaint that the Bureau withheld his license without just cause; that it failed to use due care in issuing his license in a timely manner; that it failed to maintain adequate control and supervision of its management and staff; that it failed to use due care

under all of the circumstances and that, as a result, he suffered economic losses, loss of trade, loss of reputation and loss of future trade. Again, in addition to requesting that the Bureau reissue his license, Barr asked for punitive and compensatory damages as well as interest and costs.[5]

The Bureau filed preliminary objections, asserting that the Common Pleas Court lacked subject matter jurisdiction to hear the complaint, and a demurrer alleging that the complaint failed to meet the requirements for a mandamus action. The Common Pleas Court concluded that the Bureau is an agency of the Commonwealth of Pennsylvania pursuant to Sections 801 and 810 of the Administrative Code of 1929,[6] 71 P.S. §§ 271, 279.1, and that, pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), the Commonwealth Court, and not the Common Pleas Court, has original jurisdiction of all civil actions or proceedings against the Commonwealth. Section 761(a)(1) provides:

**General rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

2. The Bureau asserts in its brief to this Court that, after Barr filed his complaint, the Bureau reissued his license. Barr asserts in his brief to this Court only that the Bureau failed to timely reissue his license. There appears to be no stipulation between the parties or any evidence of record establishing that the Bureau reissued Barr's license, but we glean from the briefs that that is actually what occurred.

3. Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. §§ 455.101–455.902.

4. *See* Section 301 of the Act, 63 P.S. § 455.301 (Unlawful to conduct business without license or registration certificate).

5. The specific relief that Barr requested is that the court 1) order the Bureau to immediately refund the fine Barr had to pay to the Bureau in order to get his real estate broker's

license reissued; **2) order that the Bureau pay a punitive fine to Barr in the amount of 1/3 of the Pennsylvania Department of State's total annual budget for the fiscal year 2000;** 3) order that all agency and commission heads and administrators and all subordinate employees of the Pennsylvania Department of State and all of its agencies and commissions attend continuing education courses to remind all such individuals that licensees are not only citizens of the Commonwealth of Pennsylvania, but are citizens of the United States; and 4) order that all costs associated with the above continuing education courses be borne by the individual agency and commission heads, their staff and subordinate employees and not be shifted to licensees.

6. Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§ 51–732. Section 810 of the Administrative Code was added by the Act of June 3, 1963, P.L. 63.

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings;

(iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);

(iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L 728, No. 193), referred to as the Board of Claims Act; and

(v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

42 Pa.C.S. § 761(a)(1).

■ After briefs and argument, the Common Pleas Court entered an order dated December 4, 2000, holding, in essence, that it lacked subject matter jurisdiction to hear the complaint. However, instead of transferring the case to this Court pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103 (relating to the transfer of erroneously filed matters), the court simply granted the Bureau's motion to strike Barr's complaint.[7] The Common Pleas Court did so even though it found that this Court had jurisdiction over the action pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c).[8] Barr filed the instant appeal to this Court.[9]

■ On appeal, Barr alleges that, based on Pa. R.C.P. No. 1092(c)(1), a rule relating to venue, the Common Pleas Court does have jurisdiction in mandamus actions against a Commonwealth agency. In essence, he argues that since Pa. R.C.P. No. 1092(c)(1) requires that an action against a department of the Commonwealth compelling performance of a duty must be brought in the county where the cause of action arose, it was proper for him to have brought his mandamus action before the Common Pleas Court in Monroe County.

---

7. Although the order of the Common Pleas Court granted the Bureau's "motion to strike" the complaint, we could find nothing in the docket or in the record before us that indicates that the Bureau ever filed such a motion. We can only surmise that either the Bureau made an oral motion to strike Barr's complaint at the time of oral argument before the Common Pleas Court or that the Court treated the Bureau's request to dismiss Barr's complaint, set out in its preliminary objections, as a motion to strike.

8. Section 761(c) of the Judicial Code provides:

**Ancillary matters.**—The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.
42 Pa.C.S. § 761(c).

9. Our standard of review is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa. Cmwlth. 243, 629 A.2d 270 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

■ Although Barr is correct that Pa. R.C.P. No. 1092(c)(1) [10] *presupposes* jurisdiction in the common pleas court, a rule regarding venue cannot vest jurisdiction since venue is subsidiary to jurisdiction.

■ **Venue** is defined as "[t]he proper or a possible place for the trial of a lawsuit...." BLACK'S LAW DICTIONARY 1553 (7th ed.1999). **Jurisdiction** is defined, on the other hand, as "[a] government's general power to exercise authority over all persons and things within its territory...." *Id.* at 855. Venue and jurisdiction are distinguishable; venue relates to *where* judicial authority may be exercised, but more important, jurisdiction is the power to adjudicate. Charles Alan Wright, *The Law of Federal Courts* § 42, 257 (5th ed.1994). Here, by virtue of 42 Pa.C.S. § 761(a), this Court has **jurisdiction** over Barr's mandamus action, and this Court's jurisdiction is primary over any rule regarding venue.

■ Section 761(a) of the Judicial Code clearly gives the Commonwealth Court original jurisdiction over "all civil actions[ [11] ] or proceedings: ... [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity" (footnote added), with some noted exceptions not relevant here. [12] 42 Pa. C.S. § 761(a). Furthermore, this Court has original jurisdiction in actions against the Commonwealth where the Commonwealth is an indispensable party to the action. *See Annenberg v. Commonwealth*, 686 A.2d 1380 (Pa.Cmwlth.1996). Pursuant to Section 102 of the Judicial Code, 42 Pa.C.S. § 102, the term "Commonwealth government" is defined as:

> The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

The Bureau, as a department of the Commonwealth, is clearly encompassed within the term "Commonwealth government." Furthermore, pursuant to Section 761(b) of the Judicial Code, 42 Pa.C.S. § 761(b), this Court's jurisdiction under Section

---

**10.** Pa. R.C.P. No. 1092(c)(1), specifically provides:

    **Rule 1092.  VENUE**

    ....

    c.  An action brought in a court of common pleas in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought only in

    (1) the county in which the cause of action arose when the action is against an officer, department, board, commission or instrumentality of the Commonwealth....

**11.** An action brought in equity is a civil action within the meaning of Section 761(a) of the Judicial Code. *State Board of Dentistry v. Weltman*, 168 Pa.Cmwlth. 197, 649 A.2d 478 (1994).

**12.** Examples of these exceptions, irrelevant to this proceeding, include habeas corpus applications or post-conviction relief proceedings not ancillary to proceedings within the appellate jurisdiction of the Commonwealth Court, eminent domain proceedings, actions on claims where immunity has been waived and certain trespass actions. *Cf.* Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523 (regarding civil actions and proceedings in matters affecting government units); *see also Ribinicky v. Yerex*, 549 Pa. 555, 701 A.2d 1348 (1997) (in a non equity civil action where a political subdivision was a party defendant, venue was only proper in the county in which the political subdivision was located).

761(a) is exclusive except with respect to matters under the original jurisdiction of the Supreme Court and in matters where the jurisdiction of this Court is concurrent with the courts of common pleas. Since this mandamus action was brought against a department of the Commonwealth, and the matter is not within the original jurisdiction of the Supreme Court, nor is it a matter where the courts of common pleas have concurrent jurisdiction with the Commonwealth Court, jurisdiction is exclusive in this Court.[13]

In summary, we hold that Section 761(a) of the Judicial Code prevails over Pa. R.C.P. No. 1092(c)(1), and that the Common Pleas Court therefore properly determined that this Court has original jurisdiction to hear the instant mandamus action. However, although the Common Pleas Court properly ruled that it did not have jurisdiction to hear this litigation, it nevertheless sustained the Bureau's motion to strike Appellant's complaint and dismissed the case instead of transferring the case to this Court. This result is inconsistent with Section 5103 of the Judicial Code, which provides:

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth **which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,** where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103 (emphasis added).

In *Nason v. Commonwealth,* 516 Pa. 517, 533 A.2d 435 (1987), this Court granted summary judgment in favor of the Department of Public Welfare and certain state and county officials in a mandamus action brought by Nason, a mentally retarded individual, and trustees to a testamentary trust under which Nason was a beneficiary, which sought to compel payment for Nason's care in a private facility until there was an opening in a state-operated facility. This Court held that Nason was required to exhaust both the income and the principal of her trust before she was entitled to public funding for interim care at a private facility. However, the Supreme Court vacated this Court's order and transferred the case to the Court of Common Pleas in Chester County pursuant to Section 5103 of the Judicial Code and Pa. R.A.P. 751 (both dealing with the transfer of cases by a court that does not have jurisdiction over a matter erroneously filed in that court), for consideration on the merits. As persons aggrieved by a local agency's adjudication, Nason and the trustees had a right to appeal to the Common Pleas Court first,

---

**13.** This Court and the courts of common pleas have concurrent jurisdiction in proceedings or actions **brought** *by* **the Commonwealth government,** or any officer of the Commonwealth acting in his official capacity, against a party. 42 Pa.C.S. § 761(b); *see, e.g.,* Section 2386 of the Domestic Animal Law, 3 Pa.C.S. § 2386.

and, since they did not, their mandamus action was not properly before the Commonwealth Court.

Here, Barr was not aggrieved by a local agency adjudication. Instead, he sought to compel a Commonwealth party to perform its duty, that is, issue his real estate broker's license. Barr's mandamus complaint should never have been filed in Common Pleas Court, so we will vacate that court's decision and transfer the suit to this Court in our original jurisdiction pursuant to Section 5103 of the Judicial Code.

### *ORDER*

AND NOW, this *9th* day of *July,* 2002, the Order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby **VACATED** and the matter is transferred to this Court in our original jurisdiction.

The Chief Clerk is hereby directed to establish a briefing schedule with respect to the outstanding preliminary objection.