828 A.2d 1016

**Irvin EAST, Deceased c/o Sarah Sanders**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (USX Corporation/Clairton),**

**Appeal of United States Steel, LLC.**

Supreme Court of Pennsylvania.

Argued March 3, 2003.

Decided July 22, 2003.

---

4. Based on this conclusion, this Court need not address appellant's remaining issues.

Marie Jurbala Shiring, Pittsburgh, for United States Steel, appellant.

Daniel K. Bricmont, Pittsburgh, for Irvin East, James A. Holzman, Amber Marie Kenger, Harrisburg, for Workers' Compensation Appeal Board, appellee.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, and LAMB, JJ.

## *OPINION*

Justice LAMB.

This appeal presents a question of first impression: whether the Minority Tolling Statute, 42 Pa.C.S. § 5533(b),[1] is applica-

---

1. At the time here relevant, Section 5533(b) read as follows:

    § 5533.   Infancy, insanity or imprisonment

    . . .

    (b) Infancy.—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall

ble to a claim for benefits under the Workers' Compensation Act[2] (Act). For the reasons that follow, we hold that it is not and reverse the order of the Commonwealth Court.

In November of 1983, Irvin East (Decedent) became disabled as a result of a work-related injury he sustained while employed by Appellant, USX Corporation[3] (Employer). In April of 1985, Decedent died as a result of his injury. Pursuant to an Agreement for Compensation for Death (Agreement), Employer paid dependent death benefits to Decedent's wife, Joan Green, and son, Irvin K. East. Employer ceased paying benefits to Irvin K. East on his eighteenth birthday on April 28, 1989, and to Joan Green upon her death on September 12, 1993.

On April 20, 1998, Appellee, Sarah Sanders (Claimant), filed a Review Petition, requesting that death benefits pursuant to the Agreement be paid to her minor son, Bradley Irvin East, whom Claimant alleged was fathered by Decedent. Employer filed an Answer, denying that Decedent had any dependent children entitled to compensation benefits and asserting that the claim was time-barred by Section 315 of the Act[4] because

> have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subchapter the term "minor" shall mean any individual who has not yet attained the age of 18.
>
> 42 Pa.C.S. § 5533(b). Section 5533 was amended by Act 86 of 2002 (S.B.212), § 1. Pursuant to the amendments, Section 5533(b) was separated into Sections 5533(b)(1)(i) and 5533(b)(ii), and a new Section 5533(b)(2) was added. The addition of Section 5533(b)(2) is not here material.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.1, 2501–2626. Until 1993, the Act was known as the Workmen's Compensation Act. It was renamed the Workers' Compensation Act by the Act of July 2, 1993, P.L. 190, commonly known as "Act 44".

3. United States Steel Corporation is the successor entity to USX Corporation.

4. Section 315 of the Act provides, in pertinent part:
> In cases of death all claims for compensation shall be forever barred, unless within three years after the death, the parties shall have agreed upon the compensation under this article; or unless, within three years after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of compensation have been made in any case, said limitations shall not take

Claimant's Review Petition was filed more than three years after Employer made its last benefit payment pursuant to the Agreement.

Upon request of the parties, the Workers' Compensation Judge (WCJ) agreed to bifurcate the proceedings and first decide the issue of whether Claimant's Review Petition was timely filed. Before the WCJ, Claimant acknowledged that the Review Petition was filed outside of the time required by Section 315 of the Act, but asserted that her minor son's rights were preserved by operation of the Minority Tolling Statute.

On October 6, 1999, the WCJ issued a decision and order denying Claimant's Review Petition. The WCJ found that the time limitations set forth in the Act are not tolled by the Minority Tolling Statute. The WCJ reasoned that because workers' compensation proceedings are not civil actions, the Minority Tolling Statute does not apply.

Claimant appealed to the Workers' Compensation Appeal Board (Board), which affirmed the decision of the WCJ. The Board reasoned that:

> the Minority Tolling Statute specifically states that it applies to an individual *entitled to bring a civil action*. Workers' Compensation cases are not civil actions, but administrative actions brought under administrative courts, not civil courts. This conclusion is supported by the well established rule of law that the rules of civil procedure are not applicable to workmen's compensation cases before a referee or Workmen's Compensation Appeal Board. *Ace Tire Co. v. Workmen's Compensation Appeal Board (Hand)*, 101 Pa. Cmwlth. 186, 515 A.2d 1020 (Pa.Cmwlth.1986).

Workers' Compensation Appeal Board slip op. at 5 (italics in original).

The Commonwealth Court reversed the order of the Board and remanded to the WCJ for a determination of whether

effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition. . . .
77 P.S. § 602.

Bradley Irvin East is Decedent's son and therefore entitled to benefits under the Act. *East v. Workers' Compensation Appeal Bd. (USX Corp./Clairton)*, 786 A.2d 1044 (Pa.Cmwlth. 2001). In construing the meaning of the term "civil action", as used in the Minority Tolling Statute, the Commonwealth Court relied on its previous opinion in *State Bd. of Dentistry v. Weltman*, 168 Pa.Cmwlth. 197, 649 A.2d 478 (Pa.Cmwlth. 1994):

> The accepted meaning of "civil," which precedes and restricts the meaning of "action," means "relating to private rights and remedies sought by civil actions as contrasted with criminal proceedings." Black's Law Dictionary 222 (5th ed.1979). The terms individually and together include actions in equity and distinguish criminal proceedings.

*East*, 786 A.2d at 1048 (quoting *Weltman*, 649 A.2d at 479). Following its analysis in *Weltman*, the Commonwealth Court determined that the phrase "civil action", as used in the Minority Tolling Statute, merely distinguishes non-criminal matters and that even though workers' compensation proceedings are administrative in nature, they are non-criminal actions and therefore within the definition of a civil action. *East*, 786 A.2d at 1048-49. The Commonwealth Court therefore held that the Minority Tolling Statute is applicable to workers' compensation proceedings. *Id.* at 1049.

We granted allocatur to determine whether a workers' compensation proceeding is a "civil action", as that term is used in the Minority Tolling Statute. Oral argument was heard on March 3, 2003.

■ The scope of appellate review in workers' compensation proceedings is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the findings of fact are unsupported by substantial evidence. *Lykins v. Workmen's Compensation Appeal Bd. (New Castle Foundry)*, 552 Pa. 1, 713 A.2d 77, 78 (Pa.1998).

On appeal to this Court, Employer claims that the Commonwealth Court erred in determining that workers' compensation

proceedings are civil actions. Employer argues that workers' compensation actions are administrative actions with administrative remedies that must be exhausted before civil remedies may be pursued. Employer points out that workers' compensation proceedings are not governed by the strict pleading rules of the Pennsylvania Rules of Civil Procedure, but are instead governed by administrative law and procedure. Finally, Employer contends that if the General Assembly had intended to include all non-criminal actions under the protection of the Minority Tolling Statute, it would have done so explicitly, by including the words "non-criminal action" instead of "civil action", or by adding the words "or any administrative action".

We agree with Employer that workers' compensation proceedings are administrative actions, distinct from civil actions. In promulgating the Act, the Legislature replaced an employee's right to file a civil action in the nature of a tort claim against his employer with an administrative action in the form of workers' compensation proceedings, in which the employee gives up non-economic damages in return for relief from the burden of proving negligence. *See Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887, 889 (Pa.1959) ("The [Act] provides for compensation without resort to a suit at law in all cases of injuries to employees arising from accidents in the course of employment. It provides for compensation in such cases even though the employer was not negligent and the employee was."); *Rudy v. McCloskey & Co.,* 152 Pa.Super. 101, 30 A.2d 805, 808 (Pa.Super.1943) (stating that the Act's "purpose was to provide recompense commensurate with the damage from accidental injury, as a fair exchange for relinquishing every other right of action against the employer."), *aff'd per curiam on the basis of the opinion of the lower court,* 348 Pa. 401, 35 A.2d 250 (Pa.1944).

In Pennsylvania, workers' compensation proceedings are distinct and separate from civil actions. The two have different substantive and procedural provisions and remedies. The tribunals vested with original and initial appellate juris-

24

diction are likewise distinct. In enacting the Act, the Legislature *replaced* what was previously a civil action with a statutorily prescribed comprehensive administrative system of substantive, procedural, and remedial laws, which provide the *exclusive* forum for redress of injuries in any way related to the work place. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231, 1237 (Pa.1998) (The Act "is the *exclusive* means for obtaining compensation for injuries which has been *substituted* for common law tort actions between employees and employers.") (emphasis added) (citing *Kachinski v. Workmen's Compensation Appeal Bd.*, 516 Pa. 240, 532 A.2d 374 (Pa. 1987)); *Blake v. Wilson*, 268 Pa. 469, 112 A. 126, 128 (Pa. 1920) ("All will agree that [the Act's] primary and general purpose was to *substitute* a method of accident insurance in place of common law rights and liabilities for substantially all employees, except such as are by express terms or necessary implication excluded from its operation.") (emphasis added). As aptly stated by the United States Supreme Court:

> Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus *compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions.* A series of comparatively recent cases in this Court has recognized this historic truth and ruled accordingly. *Johansen v. United States*, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 [(1952)], and *Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 [(1959)], for instance, are typical of the recognition by this Court that the right of recovery granted groups of workers covered by such compensation laws is exclusive.

*United States v. Demko*, 385 U.S. 149, 151, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966) (emphasis added).

Legislative authority to enact workers' compensation laws in this Commonwealth rests upon Article III, Section 18

of the Pennsylvania Constitution.[5]  In a significant, constitutional sense, workers' compensation proceedings are *sui generis*.  By force of Article III, Section 18, the Legislature is empowered, in the context of workplace injuries, to create proceedings and to limit recoveries that, in any other context, would be beyond its legitimate authority. This power has been implemented by the Act. As we have noted, the uniquely detailed substantive and procedural provisions of the Act pertaining to employees' benefits on account of workplace injuries and resulting disability, replace traditional common law rights and remedies.  These traditional rights and remedies were previously the subject of civil actions.  Their legislative replacement is of a different origin and nature, being an administrative scheme having some characteristics of risk spreading similar to programs of insurance and other characteristics uniquely designed to serve social policy interests. Such social programs were unknown at common law.  In the Act, they are expressly charged, in the matter of original jurisdiction, to quasi-judicial tribunals—not to any court.

Claimant points out that it is well settled that the Act is remedial legislation, subject to a liberal construction to effectuate the Act's purpose of benefiting injured workers and their dependents.  Claimant argues that since neither the Judicial Code nor the Minority Tolling Statute itself define

5.  Compensation laws allowed to General Assembly
    Section 18.  The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted.  No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.
    Pa. Const. art.  III, § 18.

"civil action", in light of the remedial purposes of the Act and the Minority Tolling Statute, "civil action" should be interpreted to include workers' compensation proceedings.

While Claimant is correct that the Legislature has failed to specifically define the term "civil action", the term appears in more than five hundred separate legislative provisions. While the parties have provided no assistance in the task, our examination of each of these has revealed persuasive evidence that the Legislature uses the term in a way that does not encompass proceedings before the workers' compensation authorities. Most revealing in this regard are those provisions in which "civil actions" are expressly distinguished from "administrative proceedings", thereby demonstrating that the former excludes the latter.[6] The majority of these statutory exemplars express the understanding that "civil actions" are those commenced and conducted in a court of record,[7] involving traditional common law[8] claims for damages[9] or equitable

6. *See, for example,* Section 612 of the Act of December 5, 1972, P.L. 1280, *added by* Section 20 of the Act of July 4, 2002, 70 P.S. § 1–612; Section 3.2(c)(2) of the Act of September 1, 1965, P.L. 459, *added by* Section 7 of the Act of December 20, 1988, P.L. 1296, 71 P.S. § 1455.3b(c)(2); Section 707(a) of the Act of October 18, 1988, P.L. 756, 35 P.S. § 6020.707(a).

7. *See, for example,* Section 20 of the Act of December 22, 1983, P.L. 306, No. 84, *as amended,* 63 P.S. § 818.29; 66 Pa.C.S. § 3316(c); Section 305(a)(ii) of the Act of December 5, 1972, P.L. 1280, 70 P.S. § 1–305(a)(ii); Section 8 of the Act of March 28, 1984, P.L. 150, 73 P.S. § 1958; Section 601(g) of the Act of June 22, 1937, P.L.1987, 35 P.S. § 691.601(g); Section 13.6 of the Act of January 8, 1960, P.L. 2119, *added by* Section 16 of the Act of July 9, 1992, P.L. 460, 35 P.S. § 4013.6; 75 Pa.C.S. § 1619(e); 75 Pa.C.S. § 9404(c); 42 Pa.C.S. § 8313(a); 42 Pa.C.S. § 8315. Indeed, Sections 902 and 903 of the Workers' Compensation Act, repealed by Section 2(a) of the Act of April 28, 1978, provided for precedence of workers' compensation appeals then brought in the courts of common pleas "over other civil actions" (to the same effect see Section 2(a) of the Act of April 28, 1978). Section 1038.1(g) of the Workers' Compensation Act expressly distinguishes between workers' compensation proceedings and those actions brought by employees against third parties which are not subject to the Act and which are described as a "civil action".

8. *See, for example,* Section 307 of the Act of April 6, 1951, P.L. 69, 68 P.S. § 250.307.

9. *See, for example,* Section 20 of the Act of December 22, 1983, P.L. 306, No. 84, *as amended,* 63 P.S. § 818.29; 66 Pa.C.S. § 3316; 42 Pa.C.S. § 8311(a); 42 Pa.C.S. § 8313(a); 42 Pa.C.S. § 8315.

relief[10] governed by the Pennsylvania Rules of Civil Procedure.[11]

■ Section 761 of the Judicial Code, 42 Pa.C.S. § 761(a)(1),[12] vests in the Commonwealth Court original jurisdiction of all "civil actions or proceedings" against the "Commonwealth government" with five enumerated exceptions. "Commonwealth government" is defined in 2 Pa.C.S. § 101.[13] Original jurisdiction over workers' compensation claims naming a Commonwealth government employer as a defendant, in

10. *See, for example,* Section 20 of the Act of December 22, 1983, P.L. 306, No. 84, *as amended,* 63 P.S. § 818.29; 66 Pa.C.S. § 3316; 68 Pa.C.S. § 5506(a).

11. *See, for example,* Section 1 of the Act of July 1, 1978, P.L. 598, 66 Pa.C.S. § 310; Section 8(e) of the Act of March 20, 1998, P.L. 199, 68 P.S. 1058(e); Section 13(g) of the Act of July 6, 1989, P.L. 207, 35 P.S. § 723.13(g); Section 705 of the Act of October 18, 1988, P.L. 756, 35 P.S. § 6020.705.

12. § 761. Original Jurisdiction
    (a) General rule.—The Commonwealth Court shall have original jurisdiction of all *civil actions* or proceedings:
    (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
    (i) actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the jurisdiction of the court;
    (ii) eminent domain proceedings;
    (iii) actions or proceedings conducted pursuant to Chapter 85 (relating to matters affecting government units);
    (iv) actions or proceedings conducted pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and
    (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.
    42 Pa.C.S. § 761(a)(1) (emphasis added).

13. § 101 Definitions
    . . .
    "Commonwealth government." The government of the "Commonwealth", including the courts and other officers or agencies of the unified judicial departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision municipal or other local authority, or any officer or agency of any such political subdivision or local authority.
    2 Pa.C.S. § 101.

contrast, is vested in the WCJ. *See* 77 P.S. §§ 701, 710. Therefore, the term "civil action", as used in 42 Pa.C.S. § 761(a)(1), does not include workers' compensation proceedings. In fact, an attempt to interpret the Legislature's use of the term "civil action" as including workers' compensation claims and proceedings produces an absurd result in many instances.[14]

■ Finally, we do not agree with the Commonwealth Court's reliance on Black's Law Dictionary for the proposition that an action is either civil or criminal. *See East,* 786 A.2d at 1048–49 (quoting *Weltman,* 649 A.2d at 479). Although workers' compensation proceedings are admittedly non-criminal, that fact alone does not dictate that workers' compensation proceedings are therefore civil actions. Furthermore, the *Weltman* case was, in fact, an equity action brought in the Court of Common Pleas of Luzerne County, which neither raised nor decided the issue of whether administrative actions, such as those created by the Act, are civil actions. *See Weltman,* 649 A.2d at 478–79.

■ Accordingly, we hold that a workers' compensation proceeding is not a "civil action", as that term is used in the

14. *See, for example,* Section 2 of the Act of June 29, 1976, P.L. 459, *as amended,* 64 P.S. § 702 ("The Attorney General shall provide free legal assistance to any volunteer fire, ambulance and rescue company ... joined as a defendant in any civil action arising out of the performance of his or its duty under this act in fighting a fire after entering State premises on proper request." *Query: could this obligation reasonably be interpreted to include free legal assistance when the fire company is the defendant in a workers' compensation action brought by a member/employee thereof injured during the fighting of a fire on state lands?);* 75 Pa.C.S. § 3510(c), 75 Pa.C.S. § 3582(d), and 75 Pa.C.S. § 4581(e) (each provision prohibits the introduction of evidence of the use of a safety or restraint device "in any civil action". *Query: could this prohibition reasonably be interpreted to include the introduction of such evidence, if relevant, in a workers' compensation proceeding?);* the Act of June 2, 1988, P.L. 452, 35 P.S. § 4501 (immunizing the owners of "rifle, pistol, silhouette, skeet, trap, blackpowder or other ranges in this Commonwealth" from "any civil action ... in any matter relating to noise or noise pollution". *Query: could a serious argument be made by such an owner that this act precludes a shooting range employee from recovering workers' compensation benefits for an injury or occupational disease related to his hearing and caused by the noisy conditions of the workplace?* ).

Minority Tolling Statute. We must therefore conclude that the Minority Tolling Statute is not applicable to workers' compensation proceedings. Pursuant to Section 315 of the Act, Claimant's Review Petition is time-barred.

The order of the Commonwealth Court is reversed and the order of Board, affirming the WCJ's denial of Claimant's Review Petition, is reinstated.

Justice NIGRO concurs in the result.