# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford Cole, Pamela West, : 
Brian Weirback, Kathy Weirback, : 
Todd Shelly and Christine Shelly, : 
                 Petitioners : 
                  : 
          v. : No. 1577 C.D. 2019
                  : Argued: September 16, 2020
Pennsylvania Department of : 
Environmental Protection, : 
               Respondent : 


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE J. ANDREW CROMPTON, Judge


**OPINION BY JUDGE BROBSON**          **FILED: June 15, 2021**


## I. INTRODUCTION

In April 2019, Respondent Pennsylvania Department of Environmental Protection (DEP) approved the plan of Intervenor Adelphia Gateway, LLC (Adelphia) to construct a natural gas compressor station in West Rockhill Township, Bucks County, Pennsylvania, which the parties refer to as the Quakertown Compressor Station. Petitioners Clifford Cole, Pamela West, Brian Weirback, Kathy Weirback, Todd Shelly, and Christine Shelly filed a timely appeal of DEP's

---

[1] This case was assigned to the opinion writer before Judge Brobson succeeded Judge Leavitt as President Judge.

decision with the Pennsylvania Environmental Hearing Board (EHB). The EHB dismissed the appeal, concluding that it lacked subject matter jurisdiction. Petitioners now appeal that dismissal.

We have before us a pure question of law that implicates the subject matter jurisdiction of both the EHB and the United States Court of Appeals for the Third Circuit.[2] The question, simply stated, is whether Section 19(d)(1) of the federal Natural Gas Act, as amended in 2005, 15 U.S.C. § 717r(d)(1),[3] divests the EHB of its subject matter jurisdiction to hear Petitioners' appeal from DEP's approval of the Quakertown Compressor Station. Section 717r(d)(1), titled "Judicial Review," provides, in relevant part:

> The United States Court of Appeals for the circuit in which a facility . . . is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over *any civil action for the review of an order or action of* a Federal agency . . . or *State administrative agency acting pursuant to Federal law* to issue, condition, or deny any permit, license, concurrence, or *approval* (hereinafter collectively referred to as "permit") *required under Federal law*, other than the Coastal Zone Management Act of 1972[4] . . . .

(Emphasis added.) Alternatively stated, we must determine whether Section 717r(d)(1) requires that every challenge to a DEP approval issued pursuant to federal law be lodged with the Third Circuit. For the reasons set forth below, we conclude that the EHB erred in dismissing Petitioners' appeal for lack of subject matter jurisdiction.

---

[2] The United States Courts of Appeals are the intermediate appellate courts of the federal judiciary. They are organized into 12 regions, or circuits. Pennsylvania is located within the Third Circuit.

[3] For ease of reference, we will refer to this provision simply as Section 717r(d)(1).

[4] 16 U.S.C. §§ 1451-1467.

## II. BACKGROUND

### A. The EHB

In Pennsylvania, environmental regulation and enforcement are split between three bodies—(1) DEP, which implements and enforces the laws; (2) the Environmental Quality Board, which serves as the administrative rulemaking body; and (3) the EHB, which serves as the adjudicator of disputed matters. *See Tire Jockey Serv., Inc. v. Dep't of Env't Prot.*, 915 A.2d 1165, 1185 (Pa. 2007). The EHB is not an appellate body with a limited scope of review. To the contrary, in matters challenging DEP action, the EHB conducts a *de novo* review of evidence produced before the EHB to determine whether DEP's action can be sustained or supported. *Pa. Trout v. Dep't of Env't Prot.*, 863 A.2d 93, 106 (Pa. Cmwlth. 2004). In proceedings before the EHB, the burden of proof lies with the party protesting the DEP action. *Id.* at 105.

The General Assembly originally established the EHB in 1971 as an administrative body within DEP (f/k/a the Department of Environmental Resources).[5] The original purpose of the EHB was to hold hearings and issue adjudications under the Administrative Agency Law (AAL).[6] Generally speaking, the AAL ensures that those whose "personal or property rights, privileges, immunities, duties, liabilities[,] or obligations" are affected by a state agency action are afforded notice and an opportunity to be heard before a *final* agency decision is rendered. *See* 2 Pa. C.S. § 101 (definition of adjudication), § 504 (providing that "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless

---

[5] Act of December 3, 1970, P.L. 834 (repealed by the Act of July 13, 1988, P.L. 530).

[6] Pennsylvania's original Administrative Agency Law, Act of June 4, 1945, P.L. 1388, was enacted in 1945. The current Administrative Agency Law, 2 Pa. C.S. §§ 101, 501-508, 701-704, was enacted in 1978 and repealed and replaced the original law.

he shall have been afforded reasonable notice of a hearing and an opportunity to be heard").

In 1988, the General Assembly enacted the Environmental Hearing Board Act (EHB Act),[7] establishing the EHB as a quasi-judicial agency independent of DEP. Section 3(a) of the EHB Act, 35 P.S. § 7513(a). The role of the EHB as the adjudicator for purposes of compliance with the AAL, however, remained unchanged. Section 4(a) of the EHB Act, 35 P.S. § 7514(a). In addition, the EHB Act, like its predecessor, provides the following with respect to actions by DEP:

> [DEP] may take an action initially without regard to [Chapter 5, subchapter A of the AAL], but *no action of [DEP] adversely affecting a person shall be final* as to that person until the person has had the opportunity to appeal the action to the [EHB] . . . . If a person has not perfected an appeal in accordance with the regulations of the [EHB], [DEP's] action shall be final as to [that] person.

Section 4(c) of the EHB Act, 35 P.S. § 7514(c) (emphasis added). Adjudications by the EHB are appealable as of right to this Court. Pa. Const. art. V, § 9 ("[T]here shall . . . be a right of appeal . . . from an administrative agency . . . to an appellate court, the selection of such court to be as provided by law."); 42 Pa. C.S. § 763(a)(1) (vesting exclusive appellate jurisdiction in Commonwealth Court over appeals from EHB).

## B. Adelphia Plan Approval

The Quakertown Compressor Station is a component of the Adelphia Gateway Project (Project), which involves the purchase, construction, and operation of an interstate natural gas transmission infrastructure between Pennsylvania and Delaware. On January 12, 2018, Adelphia filed an application with the Federal Energy Regulatory Commission (FERC), requesting a Certificate of Public

---

[7] Act of July 13, 1988, P.L. 530, *as amended*, 35 P.S. §§ 7511-7516.

4

Convenience and Necessity for the Project under Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c).[8]  Adelphia also separately sought plan approval from DEP for the Quakertown Compressor Station, an air contamination source, under the Clean Air Act (CAA)[9] and Pennsylvania's Air Pollution Control Act (APCA).[10]

On April 19, 2019, DEP granted plan approval of the Quakertown Compressor Station, subject to conditions that would have to be met in order for DEP to issue an operating permit.  (Reproduced Record (R.R.) 15a-72a.)  In the letter transmitting the plan approval, DEP expressly noted that its approval was subject to review by the EHB:

---

[8] Section 7(c)(1)(A) of the Natural Gas Act, 15 U.S.C. § 717f(c)(1)(A), provides, in relevant part:

> No natural-gas company or person which will be a natural-gas company upon completion of any proposed construction or extension shall engage in the transportation or sale of natural gas, subject to the jurisdiction of [FERC], or undertake the construction or extension of any facilities therefor, or acquire or operate any such facilities or extensions thereof, unless there is in force with respect to such natural-gas company a certificate of public convenience and necessity issued by [FERC] authorizing such acts or operations . . . .

[9] 42 U.S.C. §§ 7401-7671q.

[10] Act of January 8, 1960, P.L. (1959) 2119, *as amended*, 35 P.S. §§ 4001-4015.  One of the purposes of the APCA is to implement the CAA.  Sections 2(a) and 4(1) of the APCA, 35 P.S. §§ 4002(a), 4004(1).  As we recognized in *Groce v. Department of Environmental Protection*, 921 A.2d 567 (Pa. Cmwlth. 2007), *appeal denied*, 944 A.2d 759 (Pa. 2008), the CAA relies on states to create state implementation plans (SIP) to implement federal clean air standards.  *Groce*, 921 A.2d at 571 (citing 42 U.S.C. § 7410(a)(1)).  The Environmental Protection Agency (EPA) reviews and approves or disapproves SIPs.  42 U.S.C. § 7410.  Pennsylvania's approved SIP requires any person who seeks to construct a source of air contamination or to install an air cleaning device on an air contamination source to first obtain plan approval from DEP.  *See* 25 Pa. Code §§ 127.11-.52 (Plan Approval Regulations).  "Air contamination source" is defined in the APCA as "[a]ny place, facility or equipment, stationary or mobile, at, from or by reason of which there is emitted into the outdoor atmosphere any air contaminant."  Section 3 of the APCA, 35 P.S. § 4003.

5

Any person aggrieved by this action may appeal the action to the [EHB], pursuant to Section 4 of the [EHB] Act, 35 P.S. § 7514, and the [AAL] . . . .

. . . .

Appeals must be filed with the [EHB] within 30 days of receipt of notice of this action unless the appropriate statute provides a different time. This paragraph does not, in and of itself, create any right of appeal beyond that permitted by applicable statutes and decisional law.

. . . .

**IF YOU WANT TO CHALLENGE THIS ACTION, YOUR APPEAL MUST BE FILED WITH AND RECEIVED BY THE [EHB] WITHIN 30 DAYS OF RECEIPT OF NOTICE OF THIS ACTION**.

(R.R. at 15a-16a (emphasis in original).)

Petitioners filed a timely appeal of the plan approval with the EHB. Adelphia filed a motion to dismiss, arguing that the plan approval was a federally delegated permitting decision associated with a project that falls under the jurisdiction of FERC and the Natural Gas Act, 15 U.S.C. §§ 717-717z. For that reason, Adelphia argued that any challenge to the plan approval lies within the original and exclusive jurisdiction of the Third Circuit under Section 717r(d)(1). The EHB, relying on a series of Third Circuit decisions applying Section 717r(d)(1), agreed and dismissed the appeal.

## III. DISCUSSION

### A. Contentions

Petitioners contend that their appeal to the EHB does not fall within the exclusive jurisdiction afforded to the Third Circuit under Section 717r(d)(1). That statute, Petitioners contend, only vests exclusive jurisdiction in the Third Circuit of *civil actions* that seek review of DEP actions taken *pursuant to federal law* to issue a permit *required under federal law*. Petitioners argue that none of these criteria are met in this case. First, they contend that a statutory appeal to the EHB is not a "civil

6

action," relying on the Third Circuit's decision in *Township of Bordentown, New Jersey v. Federal Energy Regulatory Commission*, 903 F.3d 234 (3d Cir. 2018). Second, Petitioners contend that the plan approval in this case did not implicate federal law, namely the CAA. Petitioners argue that the source of air pollution in this matter—the proposed Quakertown Compressor Station—did not require an EPA permit under the CAA because it did not qualify as a major source of air pollution. Accordingly, as Adelphia did not require plan approval under the CAA, DEP's action in this matter arose solely under DEP's authority under state law—the APCA. Third, and finally, Petitioners argue that there is no federal law that required Adelphia to secure plan approval in this case.[11]

In response, DEP contends that DEP's issuance of the plan approval is, itself, a "civil action" under Section 717r(d). It then cites three Third Circuit decisions—*Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 833 F.3d 360 (3d Cir. 2016) (*Riverkeeper I*); *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 903 F.3d 65 (3d Cir. 2018) (*Riverkeeper III*); and *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 783 F. App'x 124 (3d Cir. 2019) (*Riverkeeper V*)—wherein the Third Circuit determined that it had jurisdiction over challenges to DEP permitting decisions.[12] (DEP's Br. at 14.)

---

[11] The Clean Air Council, Citizens for Pennsylvania's Future, Fair Shake Environmental Legal Services, and Mountain Watershed Association, as *amici curiae*, filed a brief in support of Petitioners' appeal.

[12] The other *Riverkeeper* decisions cited by the parties are *Delaware Riverkeeper Network v. Secretary of Pennsylvania Department of Environmental Protection*, 870 F.3d 171 (3d Cir. 2017) (*Riverkeeper II*), and *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 751 F. App'x 169 (3d Cir. 2018) (*Riverkeeper IV*).

DEP acknowledges that the Third Circuit has not yet addressed the question of whether a plan approval issued pursuant to state regulations that are part of a state's SIP constitutes state action "pursuant to federal law" for purposes of Section 717r(d). It contends, however, that other circuits have, directing us to *Dominion Transmission, Inc. v. Summers*, 723 F.3d 238 (D.C. Cir. 2013), and *Friends of Buckingham v. State Air Pollution Control Board*, 947 F.3d 68 (4th Cir. 2020). DEP argues that because Pennsylvania's SIP includes the Plan Approval Regulations, the Plan Approval Regulations are enforceable as a matter of federal law. *See* 40 C.F.R. § 52.2062.[13] In addition, DEP contends that the Natural Gas Act preempts enforcement of Pennsylvania's Plan Approval Regulations and the APCA independent of the CAA: "If [DEP] had not issued the [p]lan [a]pproval pursuant to its authority delegated under the [CAA], this action would have been preempted by the Natural Gas Act." (DEP's Br. at 18.)

---

[13] The federal regulation provides:

(a) Emission limitations and related provisions which are established in Pennsylvania plan approvals as federally enforceable conditions shall be enforceable by EPA. EPA reserves the right to deem plan approval conditions not federally enforceable. Such a determination will be made according to appropriate procedures, and be based upon the plan approval, the relevant approval procedures, or plan requirements which do not conform with the plan approval program requirements or the requirements of EPA's underlying regulations.

(b) Emission limitations and related provisions which are established in Pennsylvania general plan approvals as federally enforceable conditions shall be enforceable by EPA. EPA reserves the right to deem general plan approval conditions not federally enforceable. Such a determination will be made according to appropriate procedures, and be based upon the general plan approval, the relevant approval procedures, or plan requirements which do not conform with the general plan approval program requirements or the requirements of EPA's underlying regulations.

40 C.F.R. § 52.2062.

On the major versus minor source distinction, DEP argues that the distinction is of no consequence because Pennsylvania's Plan Approval Regulations are part of Pennsylvania's SIP. Citing the United States Court of Appeals for the Fourth Circuit's decision in *Friends of Buckingham*, DEP presses its contention that even plan approvals for minor sources of air pollution are "required [under f]ederal law" so long as the approval is part of a state's SIP approved by the EPA for compliance with the CAA. (DEP's Br. at 20.)

Adelphia argues that Petitioners' reliance on *Bordentown* is misplaced, as that decision, applying New Jersey law, turned on whether the agency permitting decision at issue in that case was *final*. In *Bordentown*, Adelphia contends, the Third Circuit held that the permitting decision was not yet final, because an intra-agency review process was necessary to consummate the state permitting decision. Here, by contrast, citing *Riverkeeper III*, Adelphia contends that the Third Circuit has held that EHB review is not necessary to consummate a DEP permitting decision. Adelphia argues that *Bordentown*'s reach extends only to limited scenarios where the contested administrative hearing process is part of "an agency's own *intra-agency* review." (Adelphia's Br. at 14 (emphasis in original).) Pennsylvania's scheme, Adelphia argues, is different than New Jersey's unitary intra-agency review structure, because DEP and the EHB are entirely different agencies. Again relying on *Riverkeeper III*, Adelphia argues that it is significant that the EHB proceeding is entirely separate from DEP's permitting decision, is subject to a separate set of rules, and is overseen by a separate body of state officials. (*Id.* at 17.) In short, in terms of whether a DEP permitting decision is final and ripe for review by the Third Circuit, Adelphia claims that the Third Circuit has definitively ruled in the affirmative through its *Riverkeeper* decisions.

9

Like DEP, Adelphia contends that Pennsylvania's SIP is enforceable as a matter of federal law. *See Bell v. Cheswick Generating Station*, 734 F.3d 188, 190-91 (3d Cir. 2013) (noting that approved SIPs are federal law and may be enforced in federal court under CAA citizen suit provision). It also contends that Pennsylvania's Plan Approval Regulations adopt the Federal Standards of Performance for New Stationary Sources (40 C.F.R. Part 60), which apply to all plan approvals, regardless of whether the source of pollution is major or minor. (Adelphia's Br. at 21.) Adelphia also joins in DEP's argument that, *if* the plan approval in this case was not issued pursuant to the CAA, it is preempted by the Natural Gas Act. Adelphia, like DEP, also notes that FERC, in its environmental assessment of the Project, conditioned its issuance of a certificate of public convenience on Adelphia securing plan approval for the Quakertown Compressor Station. Accordingly, the plan approval is required by federal law.

In reply, Petitioners argue that DEP misconstrues the federal statute by arguing that the plan approval, rather than Petitioners' EHB appeal, is a "civil action" triggering the Third Circuit's exclusive jurisdiction. Petitioners contend that the Third Circuit did not directly address the question of whether an administrative appeal constitutes a "civil action" in the *Riverkeeper* decisions. With respect to *Riverkeeper II*, specifically, Petitioners note that the Third Circuit's decision addressed the ripeness of Third Circuit review, not the question of EHB jurisdiction. (Petitioners' Reply Br. at 10.) They also note that *Riverkeeper IV* and *Riverkeeper V* are unreported decisions and do not have precedential value.[14] Nonetheless, Petitioners distinguish the permitting decision in this matter from the issuance of water quality certificates in the *Riverkeeper* decisions, as the issuance of the permits

---

[14] *See* Third Circuit Internal Operating Procedures 5.1, 5.3, and 5.7.

in those cases was clearly mandated by federal law. (Petitioners' Reply Br. at 6 (citing 33 U.S.C. § 1341(a)(1)).) Petitioners stand by their argument that *Bordentown* controls and press their position that any federal requirement that Adelphia must comply with Pennsylvania laws does not transform Pennsylvania's laws into federal laws.

## B. Analysis

In the absence of Section 717r(d)(1), there would be no question about the EHB's jurisdiction to hear Petitioners' challenge to DEP's plan approval for the Quakertown Compressor Station. As explained above, the EHB's jurisdiction over Petitioners' challenge is clearly supported by the EHB Act. DEP and Adelphia contend that Section 717r(d)(1) strips the EHB of its jurisdiction and requires that any challenge—indeed, all challenges—to DEP's plan approval must be lodged in the Third Circuit. For the reasons that follow, we disagree.

We note first that while decisions of the United States Supreme Court interpreting federal statutes are binding on this Court, the same is not true of decisions by the lower federal courts. *See Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 33 n.15 (Pa. 2006) ("The decisions of the United States Supreme Court interpreting federal statutes are binding on this Court."); *Hall v. Pa. Bd. of Prob. & Parole*, 851 A.2d 859, 865 (Pa.), *cert. denied*, 543 U.S. 927 (2004). This does not mean we are compelled to ignore on-point Third Circuit decisions or, for that matter, decisions of any federal court of appeals, interpreting a federal statute. To the contrary, such decisions in factually similar cases with persuasive legal analysis may inform our disposition of the matter before us. *In re Stevenson*, 40 A.3d 1212, 1221 (Pa. 2012) ("The Commonwealth Court was not incorrect in observing that the pronouncements

11

of the lower federal courts have only persuasive, not binding, effect on the courts of this Commonwealth.").

Turning to the federal statute in question, we conclude that the meaning of the statute is unambiguous on its face. Section 717r(d)(1) confers unto the federal circuit courts of appeals original and exclusive jurisdiction over "any civil action" for review of certain state agency permitting or approving determinations that relate to projects that fall within the scope of the Natural Gas Act. We need not address the parties' arguments as to whether DEP's plan approval in this case is the type of agency action that triggers Section 717r(d)(1), because this matter can be resolved solely on the question of whether the EHB proceeding below was a "civil action" that should have been brought in the Third Circuit.[15]

The Natural Gas Act does not define the term "civil action." When a statutory term is undefined, federal statutory construction principles require us to give the term its ordinary meaning. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012).[16] In *Bordentown*, the Third Circuit, applying this principle, held that the

---

[15] After oral argument in this matter before the Court *en banc*, Adelphia filed an Application for Relief to File a Post-Submission Letter pursuant to Rule 2501(a) of the Pennsylvania Rules of Appellate Procedure. In that application, and the accompanying letter, Adelphia essentially provides a post-argument sur-reply brief on certain issues and questions that arose during oral argument. The Court did not request supplemental briefing on the issues and questions that Adelphia raises in its sur-reply brief. Moreover, Adelphia "does not allege any modification or reversal of authority relied on by either party that would necessitate the filing of such a communication." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 504 n.3 (Pa. 2002). Accordingly, we will deny Adelphia's application to file a post-submission communication.

[16] In determining the meaning and application of federal law, we follow the following guidance from the Pennsylvania Supreme Court:

The construction of a federal statute is a matter of federal law. Under federal rules of statutory construction, in determining the meaning of a federal statute, the courts look not only to particular statutory language, but also to the design of the statute as a whole and to its purposes. Furthermore, when the courts confront

12

term "civil action" in Section 717r(d)(1) "refers only to civil cases brought in courts of law or equity and does not refer to hearings or other quasi-judicial proceedings before administrative agencies." *Bordentown*, 903 F.3d at 267. The Third Circuit continued: "The [United States] Supreme Court has long recognized that administrative hearings, even to the extent that they in some ways mirror an adversarial trial, do not constitute proceedings in courts of law or equity." *Id.*

Pennsylvania law is in accord with this plain-meaning interpretation. In *East v. Workers' Compensation Appeal Board (USX Corporation/Clairton)*, 828 A.2d 1016 (Pa. 2003), the Pennsylvania Supreme Court reversed a decision by this Court that had interpreted "civil action" in what is commonly referred to as Pennsylvania's Minority Tolling Statute[17] to include claims for benefits under the Workers' Compensation Act.[18] In so doing, the Supreme Court held that administrative actions, such as workers' compensation proceedings, are "distinct from civil actions." *East*, 828 A.2d at 1020. The Supreme Court expressly noted how the term "civil action," though undefined, appears in "more than five hundred separate legislative provisions." *Id.* at 1021. The Court continued:

---

circumstances not plainly covered by the terms of a statute, suggesting that Congress did not contemplate the issue, they endeavor to give statutory language the meaning that advances the policies underlying the legislation.

*Council 13, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Cmwlth.*, 986 A.2d 63, 80 (Pa. 2009) (citations omitted). In addition, the United States Supreme Court has noted that the starting point for any statutory interpretation is the text of the statute itself: "And where . . . the words of the statute are unambiguous, the 'judicial inquiry is complete.'" *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)).

[17] 42 Pa. C.S. § 5533(b). The Minority Tolling Statute, *inter alia*, tolls applicable statutes of limitations for certain "civil action[s]" until the minor with the cause of action reaches the age of 18 years.

[18] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

While the parties have provided no assistance in the task, our examination of each of these has revealed persuasive evidence that the Legislature uses the term in a way that does not encompass proceedings before the workers' compensation authorities. Most revealing in this regard are those provisions in which "civil actions" are expressly distinguished from "administrative proceedings", thereby demonstrating that the former excludes the latter. The majority of these statutory exemplars express the understanding that "civil actions" are those commenced and conducted in a court of record, involving traditional common law claims for damages or equitable relief governed by the Pennsylvania Rules of Civil Procedure.

*Id.* at 1021-22 (footnotes omitted).

Proceedings before the EHB, an administrative agency independent of DEP, are administrative proceedings, not civil actions. The EHB is not a court of law or of equity. It is a creature of statute, charged with performing the agency adjudicative function with respect to certain DEP actions in compliance with the AAL. Thus, applying *Bordentown* and consistent with Pennsylvania Supreme Court jurisprudence, we hold that Petitioners' appeal of the DEP plan approval to the EHB is not a "civil action" and, therefore, does not fall within the exclusive jurisdiction of the Third Circuit under Section 717r(d)(1). Rather, Petitioners' appeal to the EHB is an administrative proceeding, distinct from a civil action, and it lies properly before the EHB under Pennsylvania law.

The *Riverkeeper* decisions address related, but distinct, questions in terms of the application of Section 717r(d)(1). *Riverkeeper I* involved consolidated appeals from decisions by the New Jersey Department of Environmental Protection (NJDEP) and DEP that granted water quality permits for a FERC-regulated natural gas pipeline expansion project. Various environmental organizations and individuals challenged the permitting decisions by invoking the Third Circuit's exclusive jurisdiction under Section 717r(d)(1). Both DEP and NJDEP contested the Third Circuit's exercise of jurisdiction under the statute, arguing that they did not act

14

"pursuant to [f]ederal law" when they issued the permits at issue. *Riverkeeper I*, 833 F.3d at 370. The Third Circuit disagreed, concluding that the state permitting decision arose under the CAA and the federal Clean Water Act (CWA).[19] Under Section 717r(d)(1), the Third Circuit concluded, "a state action taken pursuant to the [CWA] or [CAA] is subject to review exclusively in the Courts of Appeals." *Id.* at 372. The Third Circuit noted that the purpose underlying Section 717r(d)(1) "is to streamline the review of state decisions taken under federally[]delegated authority." *Id.* "To bar this Court's review of [DEP's] actions in permitting an interstate natural gas facility pursuant to the Natural Gas Act and the [CWA]," the Third Circuit opined, "would frustrate the purpose of Congress's grant of jurisdiction." *Id.*

We do not disagree with any of the Third Circuit's conclusions in *Riverkeeper I*. The decision simply is not on point. In that case, a challenge to state permitting decisions was lodged not with the EHB, but with the Third Circuit. That challenge was, based on the definition above, unquestionably a "civil action." The jurisdictional issue in *Riverkeeper I* turned on whether the challenged permitting decisions were *the type of state action* that fell within the Third Circuit's exclusive statutory jurisdiction. The Third Circuit ruled that they were and, therefore, rejected the state agencies' jurisdictional challenge. While we recognize the Third Circuit's point that the underlying purpose of Section 717r(d)(1) may have been to "streamline the review of state decisions," this goal does not command that we abandon our plain-meaning construction of the term "civil action" in the federal statute above and its application in this matter. Congress's purpose to "streamline" *judicial review* is evident, by use of the term "civil action" and by directing all judicial review of

---

[19] 33 U.S.C. §§ 1251-1388.

certain state permitting decisions to the circuit courts of appeals. There is no evidence, in the text or otherwise, of Congress's intent to interrupt or bypass a state's *administrative review* process, *if invoked*.[20]

In *Riverkeeper II*, an environmental organization and one of its members petitioned the Third Circuit for review of a DEP permitting decision for an interstate natural gas pipeline project, invoking the Third Circuit's exclusive statutory jurisdiction under the Natural Gas Act. Somewhat inconsistently, the petitioners also challenged the Third Circuit's jurisdiction to hear their appeal, contending that DEP's permit decision was not final because it had not been reviewed by the EHB. The petitioners asked the Third Circuit to transfer their challenge to the EHB for an adjudication. *Riverkeeper II*, 870 F.3d at 175. Responding to the jurisdictional challenge—*i.e.*, ripeness for purposes of judicial review—the Third Circuit declined to rule on the question of whether Section 717r(d)(1) "includes an unstated finality requirement." *Id.* at 176. "In either case," the court noted, "our jurisdiction is proper because the agency action here *is* administratively final." *Id.* (emphasis in original).

In support of their ripeness argument, the petitioners in *Riverkeeper II* relied on Section 4(c) of the EHB Act, quoted above, for the proposition that the DEP permitting decision was not final as to them until EHB review. The Third Circuit rejected that argument, without deciding the question of whether the state statute controlled when a civil action would be ripe under Section 717r(d)(1). *Id.* at 177. It did so because the petitioners never filed a timely appeal of the DEP permit decision with the EHB. Under Section 4(c) of the EHB Act, then, the DEP permitting decision was final. *Id.* The Third Circuit also noted that in terms of DEP, the

---

[20] *But see* 25 Pa. Code § 1021.96a (rules of EHB providing for motion for expedited hearing).

16

permitting decision was a final agency action—"[t]here is nothing left for the agency to do." *Id.* at 178. Accordingly, the Third Circuit held that its "jurisdiction [was] proper regardless of whether the Natural Gas Act limits [its] review to final orders." *Id.*

Like *Riverkeeper I*, the Third Circuit's decision in *Riverkeeper II* is informative but not on point. *Riverkeeper II* addressed questions of finality and ripeness under Section 717r(d)(1). The Third Circuit considered the question of whether the DEP order before the court for review was final, and the court concluded that it was. The Third Circuit thus rejected the petitioners' ripeness argument and proceeded to review the merits of the permitting decision under its exclusive jurisdiction in the Natural Gas Act. Nothing in *Riverkeeper II* addresses directly the question of whether Section 717r(d)(1) *precludes* the EHB from reviewing a timely appeal of a DEP approval or, conversely, whether a timely appeal to the EHB *precludes* judicial review of a DEP approval under Section 717r(d)(1). *See id.* ("Whether the Natural Gas Act requires finality and how such a requirement would interact with Pennsylvania's administrative scheme are issues better resolved in [other] cases.").

In *Riverkeeper III*, the Third Circuit addressed directly the question, left unanswered in *Riverkeeper II*, of whether its jurisdiction under Section 717r(d)(1) was limited to final agency actions "and how such a requirement would interact with Pennsylvania's administrative scheme." *Riverkeeper III*, 903 F.3d at 68. It held that while the reference in the jurisdictional statute to state "action" does not expressly limit judicial review to only the state agency's ultimate decision, there is a strong presumption that judicial review is only available when an agency action is final.

17

*Id.* at 70-71.  For that reason, the Third Circuit held that its jurisdiction under Section 717r(d)(1) extends only to final state agency actions.  *Id.* at 71.

Unlike the petitioners in *Riverkeeper II*, most of the petitioners in *Riverkeeper III* filed timely parallel protective appeals of the DEP permitting decision with the EHB.  Accordingly, the Third Circuit next decided the question of whether further state administrative agency review of the DEP decision rendered the DEP decision "non-final" for purposes of federal judicial review under the Natural Gas Act.  *Id.* at 71-72.  It resolved that question by reference to the federal standard of finality, as set forth in *Riverkeeper II*:  "Final agency action 'must mark the consummation of the agency's decision-making process,' 'must not be of a merely tentative or interlocutory nature,' and 'must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Riverkeeper II*, 870 F.3d at 176 (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (some internal quotation marks omitted)); *Riverkeeper III*, 903 F.3d at 72.

Applying the federal standard, the Third Circuit made several observations. It noted that once DEP makes a permitting decision, that decision is the final decision *of DEP* on the matter.  *Riverkeeper III*, 903 F.3d at 72.  Aggrieved parties may appeal that final agency action to the EHB, and final decisions of the EHB may be appealed to this Court.  *Id.*  Nonetheless, the Third Circuit took special note of Section 4(d)(1) of the EHB Act, 35 P.S. § 7514(d)(1), which provides that appeals to the EHB "shall [not] act as an automatic supersedeas."  *Id.* (quoting 35 P.S. § 7514(d)(1)).  The Third Circuit also noted that the EHB is an administrative agency independent of DEP, which reviews DEP's decisions *de novo*.  *Id.*

Returning to the federal definition of finality, the Third Circuit concluded that DEP's permitting decision was the final action of DEP on the matter and was

18

immediately effective regardless of the filing of an appeal with the EHB. In doing so, the Third Circuit distinguished the DEP permitting decision, which is "a final order that could be overturned in the event of an appeal," from "a provisional order that could become final in the absence of an appeal." *Id*. at 73. As a final order of DEP that could be overturned on appeal, the Third Circuit opined that DEP's permitting decision "is no less final for the availability of EHB review than a federal agency's is for the availability of review in this Court." *Id.*

On the question of finality, the Third Circuit also found it probative that Pennsylvania law provides for the review of DEP's permitting decision by a "structurally[]separate body"—the EHB. *Id.* at 74. Finality in this context, the Third Circuit concluded, is concerned with whether DEP, as the agency making the initial permitting decision, has arrived at its definitive position. Here, DEP "has said its piece regardless of whether Pennsylvania law gives a different agency the last word." *Id.* "[F]inality," the Third Circuit opined, "is 'conceptually distinct' from the related issue of exhaustion of administrative remedies." *Id.* (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192-93 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019)). The Third Circuit noted that the petitioners did not argue that the Third Circuit lacked jurisdiction due to a failure to exhaust appeals to the EHB. *Id.*

The Third Circuit also expressly rejected the petitioners' reliance on Section 4(c) of the EHB Act, which provides that DEP actions do not become final as to an adversely affected person until that person has the opportunity to appeal the action to the EHB. In so doing, the court opined:

> Despite this language, Pennsylvania cannot declare when and how an agency action taken pursuant to federal law is sufficiently final to be reviewed in federal court. State law's use of the word "final" to characterize an agency's decision is irrelevant in that context, except so

19

far as that language is relevant to the substantive effect of the order in question and the practical character of the procedures surrounding it. Here, those underlying realities indicate that [DEP] has taken final action.

*Id.* Concluding its analysis of the jurisdictional question, the Third Circuit held:

*Notwithstanding the availability of an appeal to the EHB*, [DEP]'s issuance of a Water Quality Certification was final in precisely the most important ways . . . . [DEP's] action presents all the "traditional hallmarks of final agency action," and we have exclusive jurisdiction to hear any "civil action for the review" of such a decision.

*Id.* at 74-75 (quoting *Riverkeeper II*, 870 F.3d at 178) (emphasis added).

*Riverkeeper III* was a substantial step in the Third Circuit's creeping Section 717r(d)(1) jurisdiction jurisprudence. We respect its two principal holdings for what they are. First, judicial review under Section 717r(d)(1) is limited to *final* state agency actions that fall within the scope of the provision. Second, for purposes of federal law, a DEP permitting decision that falls within the scope of the provision is as final for review by the Third Circuit as it is final for review by the EHB. Absent from the Third Circuit's decision in *Riverkeeper III*, however, is any ruling, let alone a discussion, of whether Section 717r(d)(1) prohibits, or preempts, EHB review under the EHB Act. *Riverkeeper IV* and *Riverkeeper V* offer nothing more, as they simply reference and incorporate the decision in *Riverkeeper III* to reject ripeness challenges to the court's jurisdiction. *Riverkeeper IV*, 751 F. App'x at 172-73; *Riverkeeper V*, 783 F. App'x at 125 and n.3.

*Bordentown*, filed only one day after *Riverkeeper III*, addresses the preemption question, to an extent. *Bordentown* involved an interstate natural gas pipeline upgrade project that required FERC and NJDEP approval. FERC issued a certificate of public convenience and necessity for the project to Transcontinental Pipe Line Company, LLC (Transco), conditioned on Transco's securing all other authorization required under federal law. *Bordentown*, 903 F.3d at 245. Because

20

the project impacted wetlands, involved the discharge of fill or dredge into navigable waters, and involved the diversion of a significant volume of water, Transco applied to NJDEP for a "Freshwater Wetlands Individual Permit and Water Quality Certificate," or FWW Permit, as well as a "dewatering permit." *Id.* Following public hearings, public comments, and consideration of Transco's responses to the public comments, NJDEP issued the two permits.

Thereafter, the petitioners in *Bordentown* requested an adjudicatory hearing on each permit, in accordance with New Jersey law.[21] NJDEP, however, denied the request. In so doing, NJDEP determined that under *Riverkeeper I*, the Natural Gas Act preempted the state administrative hearing process with respect to permits for interstate natural gas projects. *Id.* at 245-46. Instead, NJDEP interpreted the Natural Gas Act as requiring all final permits be challenged exclusively in the Third Circuit. *Id.* at 246. In their appeal to the Third Circuit, the petitioners challenged, *inter alia*, NJDEP's decision to decline the requests for adjudicatory hearings.

On this question, the Third Circuit concluded that "NJDEP misunderstood the scope of the [Natural Gas Act's] assignment of jurisdiction to the federal Courts of Appeals." *Id.* at 266. The Third Circuit, focusing on the text of Section 717r(d)(1), noted that the statute vests jurisdiction in the federal court of appeals over "civil actions." It then considered the meaning of the term, which was undefined in the

---

[21] New Jersey Administrative Code Section 7:7A-21.1(b), N.J. Admin. Code § 7:7A-21.1(b) (1921), relating to the FWW Permit process, provides:

> To contest a [NJDEP] decision on an application under this chapter, a person shall submit an adjudicatory hearing request within 30 calendar days after public notice of the decision is published in the [NJ]DEP Bulletin. If a person submits the adjudicatory hearing request after this time, the [NJDEP] shall deny the request.

New Jersey Administrative Code Section 7:14A-17.2, N.J. Admin. Code § 7:14A-17.2 (2021), also provides for a right to an adjudicatory hearing following a permit decision relating to the discharge of pollutants to surface or groundwater.

statute.  "Our review," the Third Circuit held, "assures us that a 'civil action' refers only to civil cases brought in courts of law or equity and does not refer to hearings or other quasi-judicial proceedings before administrative agencies." *Id.* at 267.  The Natural Gas Act, the Third Circuit reasoned,

> only removes from the states the right for *their courts* to hear civil actions seeking review of interstate pipeline-related state agency orders made pursuant thereto[.]  [T]he [Natural Gas Act] leaves untouched the state's internal administrative review process, which may continue to operate as it would in the ordinary course under state law.

*Id.* at 268 (emphasis added).

To further bolster its conclusion, the Third Circuit noted the structure of Section 717r(d)(1), contrasting the language that Congress used to provide direct court of appeals review of FERC decisions with that used to provide for review of state agency decisions:

> That [Section] 717r(d)(1)'s scope is limited to judicial review of agency action, and does not implicate or preempt state agency review of the agency's own decision, is also apparent from the statute's structure.  For example, [Section] 717r(b)—which is titled "Review" and discusses appeals to the Courts of Appeals from a FERC order— allows a party "aggrieved by an order issued by the Commission" to "obtain a review of such order" in the Courts of Appeals.  In contrast, [Section] 717r(d)(1)—which is titled "Judicial review"—grants "original and exclusive jurisdiction over any *civil action for the review* of an order or action of a . . . or State administrative agency." [(Emphasis added.)]  Congress therefore clearly understood the difference between establishing direct judicial "review" over agency action (supplanting any alternative intra-agency process) and creating an exclusive judicial forum in the federal Courts of Appeals for a "civil action" challenging an agency's decision-making (separate from the agency's own internal review process).  As opposed to affirmatively installing federal courts to oversee the administrative process, as it did in [Section] 717r(b) by placing the "review" of all FERC action in the Courts of Appeals, Congress did not interject federal courts into the internal workings of state administrative agencies.

*Id.*

22

The Third Circuit's decision in this regard was not contingent on a particular state administrative scheme. Indeed, the court expressly noted that such schemes may vary widely from state to state. *Id.* (citing *Berkshire Env't Action Team, Inc. v. Tenn. Gas Pipeline Co., LLC*, 851 F.3d 105 (1st Cir. 2017)). The court held, instead, that Section 717r(d)(1) addresses this diversity by focusing only on collateral civil actions that seek to challenge the correctness of a permitting decision, vesting jurisdiction over such actions exclusively in the federal courts of appeals, "not the state courts or federal district courts." *Id.*

Turning to its recent decision in *Riverkeeper III*, the Third Circuit in *Bordentown* characterized *Riverkeeper III* as holding that the permits at issue in that case were final for purposes of judicial review by the Third Circuit under Section 717r(d)(1) *notwithstanding* the availability of further administrative review by EHB. *Id.* at 269 (quoting *Riverkeeper III*, 903 F.3d at 74). In other words, the Third Circuit most certainly *did not* conclude that the civil action jurisdictional provision of Section 717r(d)(1) preempted EHB review of DEP's decision. Instead, relying on both its decision in *Riverkeeper III* and the decision of the United States Court of Appeals for the First Circuit in *Berkshire*, the Third Circuit rejected a construction of Section 717r(d)(1) that would have "remove[d] from the states any and all review over the issuance" of permits that fall under the scope of the statute. *Id. Riverkeeper III* and *Berkshire*, the Third Circuit held, "proceeded based on the understanding—express or implicit—that state administrative review was available *if desired*." *Id.* (emphasis added). The court concluded: "The only plausible conclusion to draw from these cases and from the text of the statute itself is that [Section] 717r(d)(1) does not preempt state administrative review of interstate pipeline permitting decisions." *Id.*

There is a strong presumption against federal preemption of state laws. *See Dooner v. DiDonato*, 971 A.2d 1187, 1194 (Pa. 2009). Congress may either preempt state law expressly, by the words of a statute, or preemption may be inferred where the federal scheme "occup[ies] the entire legislative field," leaving "no room for supplementary state regulation." *Id.* at 1193. We find the Third Circuit's construction of Section 717r(d)(1) and its effect on Pennsylvania's state administrative scheme with respect to DEP permitting decisions in *Bordentown* and *Riverkeeper III* persuasive. Section 717r(d)(1), by its express terms, precludes state court review—*i.e.*, *this* Court's review—of permitting decisions by DEP that fall under the scope of the provision.[22] It does not preempt the Commonwealth's administrative review process, which vests within the EHB the authority to conduct administrative reviews of DEP permitting decisions. That review remains available, *if desired*.

Here, Petitioners could have pursued a direct civil action challenge of DEP's plan approval by filing a petition with the Third Circuit, invoking that court's exclusive jurisdiction under Section 717r(d)(1). *Riverkeeper III*. Instead, Petitioners chose to pursue their state administrative remedy under the AAL and the EHB Act, by filing an administrative appeal with the EHB. We agree with the Third Circuit that, notwithstanding the ability to directly challenge the plan approval in the Third Circuit, EHB review was available *if desired*. *Bordentown*, 903 F.3d at 269;

_____

[22] After oral argument in this matter, we requested supplemental briefing from the parties solely on the question of whether Section 717r(d)(1) requires this Court to dismiss this appeal for lack of subject matter jurisdiction in deference to the Third Circuit's exclusive jurisdiction. In their supplemental briefs, the parties agree that because the limited question on appeal before this Court—namely, the subject matter jurisdiction of the EHB—does not involve a review of the merits of the DEP plan approval, the Third Circuit's exclusive jurisdiction under Section 717r(d)(1) is not implicated. Accepting the parties' position, we will not dismiss this appeal *sua sponte* for lack of jurisdiction.

*Riverkeeper III*, 903 F.3d at 74. Petitioners desired it. They invoked it timely. The EHB erred in dismissing their administrative appeal for lack of jurisdiction.

## IV. CONCLUSION

Section 717r(d)(1) vests within the federal circuit courts of appeals exclusive jurisdiction over civil actions challenging certain state permitting decisions that fall within the scope of the statute. The term "civil actions" in the federal statute does not include state administrative agency reviews of state permitting decisions. Such collateral administrative reviews remain available, if desired, and are not preempted by the federal jurisdictional statute. For these reasons, expounded upon above, the EHB erred when it dismissed Petitioners' timely administrative appeal of the April 19, 2019 DEP plan approval of the Quakertown Compressor Station for lack of jurisdiction. We, therefore, will reverse the EHB's order and remand the matter to the EHB to hear Petitioners' administrative appeal.


                                                                                           
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford Cole, Pamela West, :
Brian Weirback, Kathy Weirback, :
Todd Shelly and Christine Shelly, :
                    Petitioners :
                              :
           v. : No. 1577 C.D. 2019
                              :
Pennsylvania Department of :
Environmental Protection, :
                 Respondent :

# **O R D E R**

AND NOW, this 15th day of June, 2021, the October 9, 2019 Order of the Pennsylvania Environmental Hearing Board (EHB) (EHB Docket No. 2019-046-L) is REVERSED. This matter is REMANDED to the EHB for further proceedings consistent with the accompanying opinion.

Intervenor Adelphia Gateway, LLC's Application for Relief to File a Post-Submission Letter is DENIED.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford Cole, Pamela West, Brian : 
Weirback, Kathy Weirback, Todd : 
Shelly and Christine Shelly, : 
               Petitioners : 
: No. 1577 C.D. 2019
        v. : Argued: September 16, 2020
: 
Pennsylvania Department of : 
Environmental Protection, : 
               Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE J. ANDREW CROMPTON, Judge

CONCURRING OPINION
BY JUDGE CROMPTON            FILED: June 15, 2021

      While I do not fundamentally disagree with the majority in reversing the decision of the Environmental Hearing Board (EHB) and remanding this matter to the EHB, I am of the opinion that the issue now before this Court, namely the grant or denial of an environmental permit related to a natural gas pipeline, rests on appeal with the United States Court of Appeals for the Third Circuit, per the Natural Gas Act,[1] pending further clarification by the Third Circuit.[2]

---

[1] 15 U.S.C. §717r(d)(1).

[2] This Court relies on the Third Circuit's decision in *Township of Bordentown, New Jersey v. Federal Energy Regulatory Commission*, 903 F.3d 234 (3d Cir. 2018), in determining that a

The issue presently before this Court will not be resolved in its entirety at the conclusion of the instant matter. I anticipate future litigation regarding the proper jurisdiction for appeals of permitting decisions by the Department of Environmental Protection (DEP) involving natural gas pipeline projects. Further, as the EHB has expressed its belief that appeals of this type are under the exclusive jurisdiction of the Third Circuit, the EHB and this Court will most likely also encounter similarly situated jurisdictional disputes in the future, unless or until the Third Circuit opines on the jurisdiction, or lack thereof, of the EHB.

The Third Circuit has created a body of case law surrounding this topic that begs further discussion. Without certainty as to the appropriate jurisdiction for pipeline-related permitting appeals, parties will be forced to engage in guesswork as to the proper litigation pathway. By potentially engaging in the re-litigation of the

---

statutory appeal to the EHB is not a "civil action" under Section 717r(d)(1) of the Natural Gas Act. However, several other decisions by the Third Circuit—*Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 833 F.3d 360 (3d Cir. 2016) (*Riverkeeper I*); *Delaware Riverkeeper Network v. Secretary of Pennsylvania Department of Environmental Protection*, 870 F.3d 171 (3d Cir. 2017) (*Riverkeeper II*); *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 903 F.3d 65 (3d Cir. 2018) (*Riverkeeper III*); *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 751 F. App'x 169 (3d Cir. 2018) (*Riverkeeper IV*); and *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 783 F. App'x 124 (3d Cir. 2019) (*Riverkeeper V*)—collectively the *Riverkeeper* decisions, have addressed similar issues, often with differing results, to the Third Circuit's conclusion in *Bordentown*.

Interestingly, while the *Bordentown* opinion was filed on September 5, 2018, just one day prior, on September 4, 2018, the Third Circuit filed an opinion in *Riverkeeper III*, determining that the Third Circuit had jurisdiction over challenges to DEP permitting decisions. The Third Circuit subsequently stated again that it had jurisdiction over challenges to DEP permitting decisions in *Riverkeeper V*. Therefore, this Court has been tasked with interpreting contradictory case law in the absence of further explanation by the Third Circuit.

issue instantly before this Court, parties will experience delays in receiving substantive decision making from either the EHB or the Third Circuit.

_____
J. ANDREW CROMPTON, Judge